# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------X

ESTIN CEVALLOS ESPINOZA,

                        Plaintiff,

    -against-

LAGUARDIA GATEWAY PARTNERS LLC, DELTA
AIR LINES, INC., MJE-LOOP CAPITAL PARTNERS
LLC, VINTAGE AIRPORT GROUP (NEW YORK) LLC,
SKANSKA USA INC, and WALSH CONSTRUCTION
COMPANY II, LLC,

                        Defendants.

------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Kings
County as the place of trial.

The basis of venue is the
plaintiff's residence.

To the above-named defendants:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the plaintiff's attorneys within 20 days after the service of this Summons, exclusive
of the day of service (or within 30 days after the service is complete, if this Summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:      New York, New York
            July 6, 2020

                        Yours, etc.,

                        /s/ *Michael Zisser*

                        _____

                        Michael Zisser
                        WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP
                        Attorneys for Plaintiff
                        420 Lexington Avenue, Suite 2750
                        New York, NY 10170
                        (212) 986-7353

TO:     Laguardia Gateway Partners, LLC
        Laguardia Airport
        Central Terminal "B", Suite 3709
        Flushing, New York 11371

Case 1:20-cv-05669-FB-VMS    Document 1-2    Filed 11/20/20    Page 3 of 30 PageID #: 9

Delta Airlines, Inc.
Corporation Service Company
80 State Street
Albany, New York 12207
MJE-Loop Capital Partners LLC

c/o UNISEARCH, INC.
99 Washington Avenue, Suite 805-A
Albany, New York 12210

Vintage Airport Group (New York) LLC
c/o Registrered Agent Solution
99 Washington Street, Suite 1008
Albany, New York 12260

Skanska USA, Inc.
Corporation Service Company
80 State Street
Albany, New York 12207

Walsh Construction Company II, llc
Corporation Service Company
80 State Street
Albany, New York 12207

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 4 of 30 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ESTIN CEVALLOS ESPINOZA,

       Plaintiff,

      Index No.:

-against-

      **VERIFIED COMPLAINT**

LAGUARDIA GATEWAY PARTNERS LLC, DELTA
AIR LINES, INC., MJE-LOOP CAPITAL PARTNERS
LLC, VINTAGE AIRPORT GROUP (NEW YORK) LLC,
SKANSKA USA, INC. and WALSH CONSTRUCTION
COMPANY II, LLC,

       Defendants.
-------------------------------------------------------------------X

      Plaintiff, by his attorneys, WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP,

complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON
### BEHALF OF THE PLAINTIFF ESTIN CEVALLOS ESPINOZA

      1.    At all times hereinafter mentioned, the plaintiff was and still is a resident of KINGS

County and the State of New York.

      2.    That at all times mentioned herein, the defendant, LAGUARDIA GATEWAY

PARTNERS, LLC, is, was and has been a domestic corporation duly organized and existing under

and by virtue of the laws of the State of New York.

      3.    That at all times mentioned herein, the defendant, LAGUARDIA GATEWAY

PARTNERS, LLC, is, was and has been a foreign corporation and/or other foreign business entity,

duly authorized to do business in the State of New York.

      4.    That at all times mentioned herein the defendant, LAGUARDIA GATEWAY

PARTNERS, LLC, is, was and has been a domestic partnership and/or other domestic business

entity doing business in the State of New York.

2

5.      That at all times mentioned herein, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, transacted business within the State of New York, regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

6.      That at all times mentioned herein, the defendant, DELTA AIR LINES, INC, is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      That at all times mentioned herein, the defendant, DELTA AIR LINES, INC, is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

8.      That at all times mentioned herein the defendant, DELTA AIR LINES, INC, is, was, and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

9.      That at all times mentioned herein, the defendant, DELTA AIR LINES, INC, transacted business within the State of New York, regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

3

10.     That at all times mentioned herein, the defendant, MJE-LOOP CAPITAL

PARTNERS LLC, is, was, and has been a domestic corporation duly organized and existing under

and by virtue of the laws of the State of New York.

11.     That at all times mentioned herein, the defendant, MJE-LOOP CAPITAL

PARTNERS LLC, is, was, and has been a foreign corporation and/or other foreign business entity,

duly authorized to do business in the State of New York.

12.     That at all times mentioned herein the defendant,   MJE-LOOP CAPITAL

PARTNERS LLC, is, was, and has been a domestic partnership and/or other domestic business

entity doing business in the State of New York.

13.     That at all times mentioned herein, the defendant, MJE-LOOP CAPITAL

PARTNERS LLC, transacted business within the State of New York, regularly did or solicited

business within the State of New York or engaged in other persistent courses conduct and/or derived

substantial revenue from goods used or consumed or services rendered in the State of New York and

expected or should have reasonably expected its acts to have consequences within the State of New

York and/or derived substantial revenue from interstate or international commerce.

14.     That at all times mentioned herein, the defendant, VINTAGE AIRPORT GROUP

(NEW YORK) LLC, is, was, and has been a domestic corporation duly organized and existing under

and by virtue of the laws of the State of New York.

15.     That at all times mentioned herein, the defendant, VINTAGE AIRPORT GROUP

(NEW YORK) LLC, is, was, and has been a foreign corporation and/or other foreign business entity,

duly authorized to do business in the State of New York.

4

16.     That at all times mentioned herein the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, is, was, and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

17.     That at all times mentioned herein, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, transacted business within the State of New York, regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

18.     That at all times mentioned herein, the defendant, SKANSKA USA, INC, is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

19.     That at all times mentioned herein, the defendant, SKANSKA USA, INC, is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

20.     That at all times mentioned herein the defendant, SKANSKA USA, INC, is, was, and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

21.     That at all times mentioned herein, the defendant, SKANSKA USA, INC, transacted business within the State of New York, regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have

5

reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

22.     That at all times mentioned herein, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

23.     That at all times mentioned herein, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

24.     That at all times mentioned herein the defendant, WALSH CONSTRUCTION COMPANY II, LLC, is, was, and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

25.     That at all times mentioned herein, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, transacted business within the State of New York, regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

26.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, was the owner of a certain premises and/or buildings and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

27.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, was the lessee of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

6

28.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, was the lessor of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

29.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, its agents, servants and/or employees operated the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

30.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, its agents, servants and/or employees managed the aforesaid premises and/or building and/or land and/or street located at Laguardia Airport, Delta Terminal, Queens, New York.

31.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, its agents, servants and/or employees maintained the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

32.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, its agents, servants and/or employees controlled the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

33.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, its agents, servants and/or employees supervised the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

34.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY PARTNERS, LLC, its agents, servants and/or employees hired one or more of the defendants and/or other entities to perform construction work at the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

7

Case 1:20-cv-05669-FB-VMS Document 1-2 Filed 11/20/20 Page 10 of 30 PageID #: 16

35.     At all times hereinafter mentioned, the defendant, LAGUARDIA GATEWAY
PARTNERS, LLC, its agents, servants and/or employees directed controlled, controlled, and
supervised the construction taking place at the aforesaid premises and/or building and/or land
located at Laguardia Airport, Delta Terminal, Queens, New York.

36.     That at all times hereinafter mentioned and upon information and belief, defendant,
LAGUARDIA GATEWAY PARTNERS, LLC, was performing work at a building and/or structure
located at Laguardia Airport, Delta Terminal, Queens, New York.

37.     That at all times hereinafter mentioned and upon information and belief, defendant,
LAGUARDIA GATEWAY PARTNERS, LLC, was acting as the general contractor to provide
certain work, labor, services and material with respect to certain work, repairs, construction and
renovations to be conducted at the certain premises and/or building and/or land located at Laguardia
Airport, Delta Terminal, Queens, New York.

38.     That at all times hereinafter mentioned and upon information and belief, defendant,
LAGUARDIA GATEWAY PARTNERS, LLC, was acting as the general contractor pursuant to a
contract to provide certain work, labor, services and material with respect to certain work, repairs,
construction and renovations to be conducted at the certain premises and/or building and/or land
located  at Laguardia Airport, Delta Terminal, Queens, New York.

39.     That at all times hereinafter mentioned and upon information and belief, defendant,
LAGUARDIA GATEWAY PARTNERS, LLC, was acting as the construction manager to provide
certain work, labor, services and material with respect to certain work, repairs, construction and
renovations to be conducted at the certain premises and/or building and/or land located  at Laguardia
Airport, Delta Terminal, Queens, New York.

8

Case 1:20-cv-05669-FB-VMS Document 1-2 Filed 11/20/20 Page 11 of 30 PageID #: 17

40.      That at all times hereinafter mentioned and upon information and belief, defendant, LAGUARDIA GATEWAY PARTNERS, LLC, was acting as the construction manager pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

41.      That at all times hereinafter mentioned and upon information and belief, defendant, LAGUARDIA GATEWAY PARTNERS, LLC, was acting as the general contractor, construction manager and/or a contractor providing certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

42.      That at all times hereinafter mentioned and upon information and belief, defendant, DELTA AIR LINES, INC, was performing work at a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

43.      At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, was the owner of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

44.      At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, was the lessee of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

45.      At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, was the lessor of a certain premises and/or building and/or land located at Laguardia Airport,Delta Terminal, Queens, New York.

9

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 12 of 30 PageID #: 18

46.     At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, its agents, servants and/or employees operated the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

47.     At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, its agents, servants and/or employees managed the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

48.     At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, its agents, servants and/or employees maintained the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

49.     At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, its agents, servants and/or employees controlled the aforesaid premises and/or building and/or land located at or near Laguardia Airport, Delta Terminal, Queens, New York.

50.     At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, its agents, servants and/or employees supervised the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

51.     At all times hereinafter mentioned, the defendant, DELTA AIR LINES, INC, its agents, servants and/or employees directed, controlled, and supervised the construction taking place at the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

52.     That at all times hereinafter mentioned and upon information and belief, defendant, DELTA AIR LINES, INC, was acting as the general contractor to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be

10

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 13 of 30 PageID #: 19

conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

53.     That at all times hereinafter mentioned and upon information and belief, defendant, DELTA AIR LINES, INC, was acting as the general contractor pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

54.     That at all times hereinafter mentioned and upon information and belief, defendant, DELTA AIR LINES, INC, was acting as the construction manager to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

55.     That at all times hereinafter mentioned and upon information and belief, defendant, DELTA AIR LINES, INC, was acting as the construction manager pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

56.     That at all times hereinafter mentioned and upon information and belief, defendant, DELTA AIR LINES, INC, was acting as the general contractor, construction manager and/or a contractor providing certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

11

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 14 of 30 PageID #: 20

57.    That at all times hereinafter mentioned and upon information and belief, defendant, MJE-LOOP CAPITAL PARTNERS LLC, was performing work at a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

58.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, was the owner of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

59.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, was the lessee of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

60.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, was the lessor of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

61.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, its agents, servants and/or employees operated the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

62.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, its agents, servants and/or employees managed the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

63.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, its agents, servants and/or employees maintained the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

12

64.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, its agents, servants and/or employees controlled the aforesaid premises and/or building and/or land located at or near Laguardia Airport, Delta Terminal, Queens, New York.

65.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, its agents, servants and/or employees supervised the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

66.    At all times hereinafter mentioned, the defendant, MJE-LOOP CAPITAL PARTNERS LLC, its agents, servants and/or employees directed, controlled, and supervised the construction taking place at the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

67.    That at all times hereinafter mentioned and upon information and belief, defendant, MJE-LOOP CAPITAL PARTNERS LLC, was acting as the general contractor to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

68.    That at all times hereinafter mentioned and upon information and belief, defendant, MJE-LOOP CAPITAL PARTNERS LLC, was acting as the general contractor pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

69.    That at all times hereinafter mentioned and upon information and belief, defendant, MJE-LOOP CAPITAL PARTNERS LLC, was acting as the construction manager to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations

13

to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

70.     That at all times hereinafter mentioned and upon information and belief, defendant, MJE-LOOP CAPITAL PARTNERS LLC, was acting as the construction manager pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

71.     That at all times hereinafter mentioned and upon information and belief, defendant, MJE-LOOP CAPITAL PARTNERS LLC, was acting as the general contractor, construction manager and/or a contractor providing certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

72.     That at all times hereinafter mentioned and upon information and belief, defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, was performing work at a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

73.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, was the owner of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

74.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, was the lessee of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

14

FILED: KINGS COUNTY CLERK 07/06/2020 06:24 PM          INDEX NO. 511717/2020

NYSCEF DOC. NO. 1          Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 17 of 30 PageID #: 23          RECEIVED NYSCEF: 07/06/2020

75.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC was the lessor of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

76.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, its agents, servants and/or employees operated the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

77.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, its agents, servants and/or employees managed the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

78.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, its agents, servants and/or employees maintained the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

79.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, its agents, servants and/or employees controlled the aforesaid premises and/or building and/or land located at or near Laguardia Airport, Delta Terminal, Queens, New York.

80.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, its agents, servants and/or employees supervised the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

81.     At all times hereinafter mentioned, the defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, its agents, servants and/or employees directed, controlled, and supervised the construction taking place at the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

15

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 18 of 30 PageID #: 24

82.     That at all times hereinafter mentioned and upon information and belief, defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, was acting as the general contractor to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

83.     That at all times hereinafter mentioned and upon information and belief, defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, was acting as the general contractor pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

84.     That at all times hereinafter mentioned and upon information and belief, defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, was acting as the construction manager to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

85.     That at all times hereinafter mentioned and upon information and belief, defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, was acting as the construction manager pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

86.     That at all times hereinafter mentioned and upon information and belief, defendant, VINTAGE AIRPORT GROUP (NEW YORK) LLC, was acting as the general contractor, construction manager and/or a contractor providing certain work, labor, services and material with

16

respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

87.    That at all times hereinafter mentioned and upon information and belief, defendant, SKANSKA USA, INC, was performing work at a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

88.    At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, was the owner of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

89.    At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, was the lessee of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

90.    At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, was the lessor of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

91.    At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, its agents, servants and/or employees operated the aforesaid  premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

92.    At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, its agents, servants and/or employees managed the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

93.    At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, its agents, servants and/or employees maintained the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

17

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 20 of 30 PageID #: 26

94.     At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, its agents, servants and/or employees controlled the aforesaid premises and/or building and/or land located at or near Laguardia Airport, Delta Terminal, Queens, New York.

95.     At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, its agents, servants and/or employees supervised the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

96.     At all times hereinafter mentioned, the defendant, SKANSKA USA, INC, its agents, servants and/or employees directed, controlled, and supervised the construction taking place at the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

97.     That at all times hereinafter mentioned and upon information and belief, defendant, SKANSKA USA, INC, was acting as the general contractor to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

98.     That at all times hereinafter mentioned and upon information and belief, defendant, SKANSKA USA, INC, was acting as the general contractor pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

99.     That at all times hereinafter mentioned and upon information and belief, defendant, SKANSKA USA, INC, was acting as the construction manager to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be

18

conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

100. That at all times hereinafter mentioned and upon information and belief, defendant, SKANSKA USA, INC, was acting as the construction manager pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

101. That at all times hereinafter mentioned and upon information and belief, defendant, SKANSKA USA, INC, was acting as the general contractor, construction manager and/or a contractor providing certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

102. That at all times hereinafter mentioned and upon information and belief, defendant, WALSH CONSTRUCTION COMPANY II, LLC, was performing work at a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

103. At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, was the owner of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

104. At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, was the lessee of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

19

105.    At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, was the lessor of a certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

106.    At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, its agents, servants and/or employees operated the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

107.    At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, its agents, servants and/or employees managed the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

108.    At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, its agents, servants and/or employees maintained the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

109.    At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, its agents, servants and/or employees controlled the aforesaid premises and/or building and/or land located at or near Laguardia Airport, Section B of the Delta Terminal, Queens, New York.

110.    At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, its agents, servants and/or employees supervised the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

111.    At all times hereinafter mentioned, the defendant, WALSH CONSTRUCTION COMPANY II, LLC, its agents, servants and/or employees directed, controlled, and supervised the construction taking place at the aforesaid premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

20

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 23 of 30 PageID #: 29

112.    That at all times hereinafter mentioned and upon information and belief, defendant, WALSH CONSTRUCTION COMPANY II, LLC, was acting as the general contractor to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

113.    That at all times hereinafter mentioned and upon information and belief, defendant, WALSH CONSTRUCTION COMPANY II, LLC, was acting as the general contractor pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

114.    That at all times hereinafter mentioned and upon information and belief, defendant, WALSH CONSTRUCTION COMPANY II, LLC, was acting as the construction manager to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

115.    That at all times hereinafter mentioned and upon information and belief, defendant, WALSH CONSTRUCTION COMPANY II, LLC, was acting as the construction manager pursuant to a contract to provide certain work, labor, services and material with respect to certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

116.    That at all times hereinafter mentioned and upon information and belief, defendant, WALSH CONSTRUCTION COMPANY II, LLC, was acting as the general contractor, construction manager and/or a contractor providing certain work, labor, services and material with respect to

21

certain work, repairs, construction and renovations to be conducted at the certain premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

117.    That at all times mentioned herein, and on or prior  to August 29, 2019, the defendants, their agents, servants, associates and/or employees, were performing construction, demolition, repair, alteration, and/or rehabilitation work, labor and/or services, at the premises and/or building and/or land located at Laguardia Airport, Delta Terminal, Queens, New York.

118.    That at all times mentioned herein and on or prior to August 29, 2019, construction and/or renovation and/or repair work and/or demolition work was underway at the premises and/or building and/or land as aforesaid.

119.    Plaintiff asserts an exemption from the abolition of joint and several liability pursuant to Article 16 of the C.P.L.R.

120.    That at all times mentioned herein, and on August 29, 2019, ATO Contracting Corporation was acting as a contractor at the construction site as aforesaid.

121.    That at all times mentioned herein the plaintiff, ESTIN CEVALLOS ESPINOZA, was employed by ATO Contracting Corporation and was performing his work at the construction site as aforesaid.

122.    That on or about August 29, 2019, while acting within the scope of his employment at the construction site as aforesaid, the plaintiff fell from a scaffold and was caused to sustain serious and permanent injuries.

123.    That the above occurrence was caused solely by and through the negligence of the defendants herein, without any negligence on the part of the plaintiff contributing thereto.

124.    That the defendants, and/or each of them had both actual and constructive notice of the dangerous and defective conditions and practices complained of herein.

22

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 25 of 30 PageID #: 31

125.     That the defendants, and/or each of them, and/or their agents, servants, associates and/or employees were negligent, careless and reckless, in that they:

a)      Negligently, carelessly and recklessly, failed and omitted to properly construct, shore, equip, guard, arrange, operate and conduct the construction activities at the construction site as aforesaid, so as to provide reasonable and adequate protection and safety to the persons so employed therein, and more particularly to the plaintiff herein;

b)      Failed and omitted to provide the plaintiff with a safe place to work;

c)      Failed and omitted to provide the plaintiff and the workers at the construction site thereat, with adequate, ample and proper scaffolding and/or ladders so as to perform their labor;

d)      Failed and omitted to insure that the working areas within the premises and/or building and/or land of the construction site as aforesaid were kept free of hazardous conditions;

e)      Failed and omitted to provide the plaintiff with a proper protection from gravity-related hazards;

f)      Failed and omitted to provide the proper tools for the work he was performing;

g)      Failed and omitted to properly inspect the construction site as aforesaid;

h)      Failed and omitted to properly and adequately coordinate the construction activities at the construction site as aforesaid so as to prevent the various trades from interfering with one another;

23

i)      Failed and omitted to construct and/or install barricades and/or other warnings so as to apprise workers, and more particularly the plaintiff herein, of the dangerous conditions existing thereat;

j)      Failed and omitted to comply with Section 240 of the Labor Law of the State of New York;

k)      Failed and omitted to comply with Section 241 of the Labor Law of the State of New York;

l)      Failed and omitted to comply with Section 241-a of the Labor Law of the State of New York;

m)      Failed and omitted to comply with Section 200 of the Labor Law of the State of New York;

n)      Failed and omitted to comply with Rule 23 of the Industrial Code;

o)      Failed and omitted to properly secure the work area so that plaintiff could perform his labor in a safe environment;

p)      Failed and omitted to keep the work areas free of debris and other material;

q)      Failed and omitted to provide the plaintiff with adequate lifting devices;

r)      Negligently, carelessly and recklessly failed an omitted to provide the plaintiff with an adequate and safe means to perform his duties;

s)      Negligently, carelessly and recklessly, failed and omitted to provide the plaintiff with the proper tools to perform his duties; and

t)      Were otherwise negligent, careless and reckless.

126.    That as a result of the negligence of the defendants, and/or each of them, the plaintiff, ESTIN CEVALLOS ESPINOZA,  became, still is and for a long time to come, will be sick, sore,

24

lame, bruised, injured, disabled and wounded in and about the various parts of his head, limbs, body, blood vessels and surrounding tissues, and has suffered severe and extreme mental shock, anguish and psychic injuries, and that plaintiff was otherwise injured, and upon information and belief, said injuries are permanent. That by reason of the foregoing, the plaintiff was obligated to and did necessarily employ medical aid , hospital services, medicinals and medical supplies in an attempt to cure the aforesaid injuries, and has been prevented from his usual duties and will be so prevented for a long time to come.

127.    That by reason of the foregoing, the plaintiff, ESTIN CEVALLOS ESPINOZA, has been damaged in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, ESTIN CEVALLOS ESPINOZA,
## BASED UPON A THEORY OF STATUTORY LIABILITY

128.    That the plaintiff, ESTIN CEVALLOS ESPINOZA , repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "127" with the same force and effect as though each and every allegation were set forth more fully herein at length below.

129.    That at all times mentioned herein, and on August 29, 2019 , Section 200 of the Labor law of the State of New York was in full force and effect.

130.    That at all times mentioned herein, and on August 29, 2019, the defendants, and/or each of them were subject to the provisions of the statute as cited herein above.

131.    That on or about August 29, 2019, the defendants, and/or each of them were in violation of the Statute as cited as herein above.

132.    That as a result of the statutory violation as cited herein above, the plaintiff, ESTIN CEVALLOS ESPINOZA, was caused to sustain the injuries as set forth herein above.

25

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 28 of 30 PageID #: 34

133.     That as a result of the foregoing the plaintiff, ESTIN CEVALLOS ESPINOZA, has been damaged in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, ESTIN CEVALLOS ESPINOZA,
## BASED UPON A THEORY OF STATUTORY LIABILITY

134.     That the plaintiff, ESTIN CEVALLOS ESPINOZA , repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "133" with the same force and effect as though each and every allegation were set forth more fully herein at length below.

135.     That at all times mentioned herein, and o n August 29, 2019, Section 240 of the Labor law of the State of New York was in full force and effect.

136.     That at all times mentioned herein, and on August 29, 2019,  the defendants, and/or each of them were subject to the provisions of the statute as cited herein above.

137.     That on or about August 29, 2019, the defendants, and/or each of them were in violation of the Statute as cited as herein above.

138.     That as a result of the statutory violation as cited herein above, the plaintiff, ESTIN CEVALLOS ESPINOZA, was caused to sustain the injuries as set forth herein above.

139.     That as a result of the foregoing the plaintiff, ESTIN CEVALLOS ESPINOZA,  has been damaged in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

26

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, ESTIN CEVALLOS ESPINOZA,
## BASED UPON A THEORY OF STATUTORY LIABILITY

140.     That the plaintiff, ESTIN CEVALLOS ESPINOZA , repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "139" with the same force and effect as though each and every allegation were set forth more fully herein at length below.

141.     That at all times mentioned herein, and on August 29, 2019, Section 241 of the Labor law of the State of New York was in full force and effect.

142.     That at all times mentioned herein, and on August 29, 2019, the defendants, and/or each of them were subject to the provisions of the statute as cited herein above.

143.     That on or about August 29, 2019, the defendants, and/or each of them were in violation of the Statute as cited as herein above.

144.     That as a result of the statutory violation as cited herein above, the plaintiff, ESTIN CEVALLOS ESPINOZA, was caused to sustain the injuries as set forth herein above.

145.     That as a result of the foregoing the plaintiff, ESTIN CEVALLOS ESPINOZA, has been damaged in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants on the First, Second, Third and Fourth Causes of action in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Yours, etc.,

/s/ *Michael Zisser*

_____

Michael J. Zisser, Esq.
WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP
*Attorneys for Plaintiff*
420 Lexington Avenue, Suite 2750
New York, NY 10170
(212) 986-7353

27

Case 1:20-cv-05669-FB-VMS   Document 1-2   Filed 11/20/20   Page 30 of 30 PageID #: 36

## VERIFICATION BY ATTORNEY

Michael J. Zisser, Esq. , an attorney duly admitted to practice before the Courts in the State of New York, hereby affirms, under the penalties of perjury, as follows:

1.      That deponent is the attorney for the plaintiff in the action within; that deponent has read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

2.      The reason that this verification is not made by plaintiff and is made by deponent is that plaintiff does not reside in the county where the attorneys for the plaintiff have their office.

3.      Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff.

/s/ Michael Zisser

Michael J. Zisser, Esq.